UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
Ka'REEM SHARPE,

        Petitioner,

 -against-

DALE A. ARTUS, Superintendent,

        Respondent.

-------------------------------------------------------------------X
FEUERSTEIN, District Judge.

**OPINION AND ORDER**
**14-CV-3311 (SJF)**

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ MAR 3 1 2015 ★

LONG ISLAND OFFICE

  Dale A. Artus's ("respondent") has filed a motion to dismiss Ka'Reem Sharpe's

("petitioner") petition for a Writ of Habeas Corpus as time-barred pursuant to 28 U.S.C. §

2244(d). For the reasons that follow, respondent's motion is **GRANTED** and the petition is

dismissed as untimely.

**I. Background**

  Petitioner was charged with two (2) counts of murder in the second degree; two (2)

counts of criminal possession of a weapon in the second degree; and one (1) count of reckless

endangerment in the first degree pursuant to an indictment filed in Suffolk County, New York.

Aff. Lato ¶ 3. Pursuant to a plea agreement, Sharpe pleaded guilty to one (1) count of murder in

the second degree in satisfaction of all the charges and, on June 7, 2005, was sentenced to an

indeterminate term of incarceration of twenty-two (22) years to life. *Id.*; Pet. ¶ 6(a) and (b).

Petitioner's request to file a late Notice of Appeal was denied by New York's Appellate

Division, Second Department, on February 2, 2007. Aff. Lato ¶ 3; Pet. ¶ 9.

  On or about June 4, 2008, petitioner filed his first New York Criminal Procedure Law

("CPL") § 440.10 motion to vacate alleging Fourth and Fourteenth Amendment violations, which

was denied on the grounds that: (1) the matters were part of the record and should have been raised on direct appeal; and (2) petitioner's guilty plea prevented him from arguing that the trial court wrongfully denied his request for a probable cause hearing. Aff. Lato, ¶ 4. On or about October 16, 2008, petitioner filed a second § 440.10 motion alleging ineffective assistance of counsel, which was denied based upon the court's findings that: (1) petitioner received effective assistance of counsel; (2) his probable cause argument had been determined in his first § 440.10 motion; and (3) his guilty plea waived non-jurisdictional defects and barred challenges to pretrial proceedings. *Id.* at ¶ 5. Leave to appeal the two (2) orders was denied by the Appellate Division on May 15, 2009 and, on September 9, 2009, it denied petitioner's request to appeal the decision to New York's Court of Appeals. *Id.* On or about April 14, 2010, petitioner filed his third § 440.10 motion, alleging various ineffective assistance of counsel claims, which was denied on November 17, 2010, on the grounds that (1) there was no basis for the allegations and (2) the claims were either record-based or did not belong in a motion to vacate. *Id.* at ¶¶ 7, 8. The Appellate Division denied petitioner's request for leave to appeal on March 21, 2011 and the Court of Appeals dismissed his application for leave to appeal on June 6, 2011. *Id.* at ¶ 8.

On May 23, 2014, petitioner filed his petition for a Writ of Habeas Corpus seeking federal review of the claims raised in his three (3) § 440.10 motions. DE 1.

## II.     Discussion

### A.     Legal Standard to Dismiss a Habeas Petition as Time-Barred

As amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), 28 U.S.C. § 2254(a) provides that a "district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to

the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Title 28 U.S.C. § 2244(d)(1) provides, in part: a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

## B.    Petitioner's Petition is Time-Barred

Petitioner was sentenced on June 7, 2005 and, pursuant to CPL § 460.10, had thirty (30) days in which to file a notice of appeal. After the time for filing expired on July 7, 2005, petitioner filed a late notice of appeal on or about December 20, 2006, which was denied by the Appellate Division. Accordingly, judgment became final on July 7, 2005, at which time the one (1) year statute of limitations, requiring petitioner to file a petition no later than July 6, 2006, began to run.

Petitioner argues that this petition should not be time-barred because (1) he did not receive notice of the Court of Appeals' decision denying his request until fourteen (14) months after it was issued; and (2) he was transferred to multiple correctional facilities which prevented him from filing a petition. DE 1 p. 14.

Because petitioner was unsuccessful in filing a direct appeal of the judgment, the only orders before the Court of Appeals were the denials of his CPL § 440.10 motions. These motions were filed in 2009 and 2010, i.e., after his time to file a habeas petition had elapsed. The filing of a post-conviction motion after the time to file a petition has run does not revive a time period that has already expired. *See Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)

("The tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

## III.    Conclusion

For the foregoing reasons, respondent's motion to dismiss is **GRANTED** and the petition is dismissed with prejudice and petitioner's motion for discovery (DE 8) is denied as moot. The Clerk of the Court shall close this case.

A certificate of appealability will issue only if the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons stated, petitioner has not demonstrated the denial of a constitutional right and accordingly, a certificate of appealability shall not issue.

**SO ORDERED**.

Dated: March 31, 2015
       Central Islip, New York                     s/ Sandra J. Feuerstein

                                                   _____
                                                   Sandra J. Feuerstein, U.S.D.J.

-4-